**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 20-20765-CIV-WILLIAMS**

ANDEAN LIFE, LLC,

        Plaintiff and Counter-
        Defendant,

   v.

BARRY CALLEBAUT U.S.A. LLC,

        Defendant and Counter-
        Plaintiff.

**ANSWER AND COUNTERCLAIM OF DEFENDANT**
**BARRY CALLEBAUT U.S.A. LLC**

    Defendant Barry Callebaut U.S.A. LLC ("Barry Callebaut"), by and through its attorneys

Seyfarth Shaw LLP, hereby submits its Answer to Plaintiff Andean Life, LLC's ("Andean")

Complaint, denies Plaintiff's claims and denies that Plaintiff is entitled to any relief and further

states as follows:

**GENERAL ALLEGATIONS**

**COMPLAINT ¶1:**

    This is an action for damages that exceed the sum of $15,000.00, exclusive of interests
and costs.

**ANSWER:**

    Admitted.

**COMPLAINT ¶2:**

    Plaintiff, ANDEAN, is a limited liability company organized and existing by virtue of the
laws of the State of Florida.

**ANSWER:**

Admitted.

**COMPLAINT ¶3:**

ANDEAN is a distributor of organic and conventional cane sugar.

**ANSWER:**

Barry Callebaut admits that one apparent business of Andean is to distribute organic sugar.

Barry Callebaut lacks knowledge and information sufficient to form an opinion as to the truth of

the remainder of this Paragraph and so denies the remaining allegations.

**COMPLAINT ¶4:**

Defendant, BARRY CALLEBAUT, is a foreign corporation organized and existing by virtue of the laws of Delaware.

**ANSWER:**

Admitted that Barry Callebaut is a limited liability company incorporated under the laws

of Delaware.

**COMPLAINT ¶5:**

BARRY CALLEBAUT is a manufacturer of chocolate and cocoa products that also engages in wholesale of organic cane sugar.

**ANSWER:**

Admitted.

**COMPLAINT ¶6:**

Venue is proper in this county because it is where the events giving rise to this action occurred and where the contract between the Plaintiff and Defendant was entered into.

**ANSWER:**

Admitted that venue is proper in Miami-Dade County.  Admitted that Barry Callebaut and

Plaintiff entered into a contract.  Admitted that some events that give rise to this action occurred

in Miami-Dade County, Florida.   Barry Callebaut denies the remaining allegations in this

Paragraph.

**COMPLAINT ¶7:**

On or about September 4, 2018, ANDEAN and BARRY CALLEBAUT entered into a written agreement for the sale of 31,130 MT (metric tons) of organic cane sugar by BARRY CALLEBAUT to ANDEAN (hereinafter the "Purchase Contract"). A true and correct copy of the Purchase Contract is attached hereto as Exhibit A.

**ANSWER:**

Admitted that Barry Callebaut and Plaintiff entered into a written agreement dated

September 4, 2018 (the "Contract").   Admitted that a true and correct copy of the Contract is

attached to the Complaint as Exhibit A.   The Contract speaks for itself; Barry Callebaut denies the

remaining allegations in this Paragraph.

**COMPLAINT ¶8:**

Pursuant to the Purchase Contract, BARRY CALLEBAUT agreed to deliver the sugar in seven (7) tranches: One (1) tranche of 1,130 MT in July of 2018, followed by six (6) additional tranches of 5,000 MT each in October 2018, January 2019, April 2019, July 2019, October 2019, and January, 2020.

**ANSWER:**

The Contract speaks for itself; Barry Callebaut denies the remaining allegations in this

Paragraph.

**COMPLAINT ¶9:**

The agreed-upon pricing for the sugar was based on a formula designed to permit ANDEAN to sell the sugar and retain the equivalent of a five percent (5%) mark-up on all sugar sold. Additionally, any sugar sold above an agreed-upon target price would entitle ANDEAN to an additional premium.

**ANSWER:**

The Contract speaks for itself; Barry Callebaut denies the remaining allegations in this

Paragraph.

61742742v.4

**COMPLAINT ¶10:**

Pursuant to the Purchase Contract, BARRY CALLEBAUT was responsible for the importation of the sugar from Colombia, and for packaging and labeling the sugar in the manner specified by ANDEAN.

**ANSWER:**

The Contract speaks for itself; Barry Callebaut denies the remaining allegations in this

Paragraph.

**COMPLAINT ¶11:**

BARRY CALLEBAUT purchased the sugar sold to ANDEAN from a company named Sucro Can Sourcing, LLC ("Sucro Can").

**ANSWER:**

Admitted that Barry Callebaut purchased sugar from Sucro Can Sourcing LLC.  Otherwise,

denied.

**COMPLAINT ¶12:**

However, BARRY CALLEBAUT was not satisfied with the sales terms that its agent had negotiated with Sucro Can and, as a result, ANDEAN began experiencing issues with BARRY CALLEBAUT's performance of the Purchase Contract.

**ANSWER:**

Denied.

**COMPLAINT ¶13:**

First, shortly after commencement of shipment of the first tranche of sugar, BARRY CALLEBAUT informed ANDEAN that it was unable to perform the importation due to, among other things, failure to possess the requisite licenses. As a result, ANDEAN was forced to assume the responsibility of importing the sugar and incur all the expenses and costs associated with the logistics of importation and shipment. Initially, BARRY CALLEBAUT agreed to permit ANDEAN to setoff the costs it incurred from the monies payable to BARRY CALLEBAUT, and paid for such costs, but eventually refused to continue do so.

**ANSWER:**

Denied.

**COMPLAINT ¶14:**

Second, BARRY CALLEBAUT failed to package the sugar as specified by ANDEAN. Specifically, under the Purchase Contract, ANDEAN was entitled to request that the sugar be packaged in either "1 MT big bags and/or 50 lb paper bags." However, BARRY CALLEBAUT packaged the sugar in bags of 125 kilograms and also failed to deliver the correct ration of 1 MT bags to smaller bags. The foregoing made it very burdensome for ANDEAN to sell the sugar in its ordinary course of business.

**ANSWER:**

Denied.

**COMPLAINT ¶15:**

Finally, on or about January 2019, BARRY CALLEBAUT ceased importing and delivering sugar to ANDEAN LIFE in accordance with the schedule required by the Purchase Contract.

**ANSWER:**

Admitted that Barry Callebaut ceased importing sugar under the Contract on or about

January 2019 but only because Andean had materially breached the whole Contract by (a) failing

to pay Barry Callebaut significant sums of monies owed under the Contract and (b) failing to sell

significant amounts of sugar as Andean was obligated to under the Contract.  Otherwise, denied.

**COMPLAINT ¶16:**

Plaintiff, ANDEAN, has retained the undersigned counsel in order that its rights and interests may be protected and has become obligated to pay the undersigned a reasonable attorney's fee.

**ANSWER:**

Paragraph 16 contains legal conclusions to which no answer is owed; to the extent Barry

Callebaut must respond, denied.

**COMPLAINT ¶17:**

All conditions precedent to bringing this action have occurred, been performed or been excused.

**ANSWER:**

Paragraph 17 contains legal conclusions to which no answer is owed; to the extent Barry

Callebaut must respond, denied.

**COUNT I**
**(Breach of Contract)**

**COMPLAINT ¶18:**

The Plaintiff re-alleges paragraphs 1 through 17, above, as if fully set forth herein.

**ANSWER:**

Barry Callebaut incorporates its responses to paragraphs 1 through 17 as if fully set forth

herein.

**COMPLAINT ¶19:**

On or about September 4, 2018, ANDEAN and BARRY CALLEBAUT entered into the
Purchase Contract.

**ANSWER:**

Admitted that on or about September 4, 2018, Barry Callebaut and Plaintiff entered into

the Contract.  Otherwise, denied.

**COMPLAINT ¶20:**

Defendant, BARRY CALLEBAUT, breached the Purchase Contract by:

    a.      failing to import and deliver the sugar sold to ANDEAN,
    b.      failing to package the sugar as specified by ANDEAN,
    c.      failing to correctly label the sugar as specified by ANDEAN; and
    d.      ceasing to deliver sugar to ANDEAN in January of 2019 and failing to honor all
             deliveries scheduled to take place thereafter.

**ANSWER:**

Denied.

**COMPLAINT ¶21:**

As a direct and proximate result of Defendant, BARRY CALLEBAUT's aforementioned
breaches, ANDEAN has sustained substantial monetary and non-monetary damages.

**ANSWER:**

Denied.

**COMPLAINT ¶22:**

ANDEAN performed all its obligations under the Purchase Contract.

**ANSWER:**

Denied.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff, ANDEAN, demands judgment against the Defendant, BARRY CALLEBAUT, for damages, including special damages in the form of loss profits, costs, and interest, as well as any other relief this Court deems just and proper.

**ANSWER:**

Admitted that Plaintiff requests the relief set forth in this paragraph.  Denied that Plaintiff is entitled to any relief whatsoever.

**COUNT II**
**(Unjust Enrichment/Restitution)**

**COMPLAINT ¶23:**

The Plaintiff realleges paragraphs 1 through 17, above, as if fully set forth herein.

**ANSWER:**

Barry Callebaut incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

**COMPLAINT ¶24:**

This cause of action is alleged in the alternative to Count I.

**ANSWER:**

Paragraph 24 is a legal position to which no answer is owed; to the extent Barry Callebaut must respond, denied.

**COMPLAINT ¶25:**

Plaintiff, ANDEAN conferred a substantial benefit upon BARRY CALLEBAUT by handling the logistics of importing and shipping the sugar to be sold to ANDEAN.

**ANSWER:**

Denied.

**COMPLAINT ¶26:**

BARRY CALLEBAUT had knowledge of the benefit conferred.

**ANSWER:**

Denied.

**COMPLAINT ¶27:**

BARRY CALLEBAUT accepted and retained the foregoing benefits under circumstances that make it inequitable for it to retain the benefit without paying for it.

**ANSWER:**

Denied.

**COMPLAINT ¶28:**

BARRY CALLEBAUT [sic] has no adequate remedy at law.

**ANSWER:**

Assuming that Paragraph 28 should be "Andean has no adequate remedy at law," denied.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff, ANDEAN, demands judgment against the Defendant, BARRY CALLEBAUT, for damages, costs, and interest, as well as any other relief this Court deems just and proper.

**ANSWER:**

Admitted that Plaintiff seeks the relief requested in this paragraph. Denied that Plaintiff is

entitled to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable as a matter of right.

**ANSWER:**

Admitted that Plaintiff has demanded a trial by jury of all issues so triable as a matter of right.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's equitable claim is barred by the doctrine of unclean hands.

2.    Plaintiff's equitable claim is barred by the doctrine of laches.

3.    Plaintiff's equitable claim is barred by the doctrine of equitable estoppel.

4.    Some or all of Plaintiff's claims for damages are barred for failure to mitigate damages.

5.    Plaintiff's claims are barred by Plaintiff's material breach of the Contract by failing to make significant payments owed to Defendant under the Contract.

6.    Plaintiff's claims are barred because Plaintiff has waived any right to payment in connection with its claims.

7.    Plaintiff's claims are barred because Plaintiff is estopped from claiming any right to payment in connection with its claims in the Complaint.

8.    Plaintiff's claims, in whole or in part, fail to state claims upon which relief can be granted as a matter of fact and law.

9.    Plaintiff is not entitled to an award of attorneys' fees under any of its theories of recovery.

**COUNTERCLAIM**

This counterclaim arises from the Contract entered into between Plaintiff and Counter-Defendant Andean and Defendant and Counter-Plaintiff Barry Callebaut, on or about September 4, 2018.  Under the Contract, Andean sells Barry Callebaut's sugar to Andean's clients.  After each such sale to Andean's clients, Andean is entitled to a portion of the payment due and must pay the remainder to Barry Callebaut.  Andean has failed to make significant amounts of such payments in breach of the Contract.  To obtain the monies contractually owed by Andean, Barry Callebaut counterclaims against Andean as follows:

61742742v.4

## PARTIES, JURISDICTION AND VENUE

1.      Counter-Plaintiff Barry Callebaut is a Delaware limited liability company, whose sole member is Barry Callebaut USA Holding Inc., a Delaware corporation with its principal place of business at its corporate headquarters in Chicago, Illinois.  Barry Callebaut is a cocoa processor and chocolate manufacturer.  As part of its business operations, Barry Callebaut is a wholesaler of organic cane sugar.

2.      Counter-Defendant Andean is a Florida limited liability company.   Upon information and belief, Andean's members have citizenships of Florida and the United Kingdom. Andean's principal place of business is 444 Brickell Avenue, Suite 415, Miami, FL 33131.

3.      The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Counter-Plaintiff Barry Callebaut and its members are not citizens of any of the same states as Counter-Defendant Andean and its members and the amount in controversy exceeds the jurisdictional minimum of $75,000.

4.      Personal jurisdiction and venue under 28 U.S.C. § 1391 in this District are appropriate because Andean's principal place of business is located in the Southern District of Florida.

## FACTUAL BACKGROUND

5.      On September 4, 2018, Barry Callebaut executed the Contract.  Under the Contract, Barry Callebaut would be responsible for importing and delivering the sugar to warehouses throughout the United States.  Andean was then responsible for selling the sugar to Andean's clients.

6.      Per the Contract, after Barry Callebaut's sugar was sold to Andean's clients, Andean was to pay—within a week of Andean receiving payment from Andean's client that bought the sugar, or within forty-five days of that transaction, whichever time period was shorter—

- 10 -

to Barry Callebaut the sales price of the transaction (after deducting (i) 5% of the applicable sales price, plus (ii) in the event that the applicable sales price exceeded c$50.00 (fifty cents) per pound, a bonus).  Andean has refused to make payments due to Barry Callebaut under the Contract as set forth in the following chart:

| Receivables | | | |
|---|---|---|---|
| Transactions: | | MTs | Due by Andean |
| Sales 8/2018-1/25/2019 | | 1,123.4600 | $ 1,197,652.44 |
| Sales 1/25/2019 - 2/29/2019 | | 431.6300 | $ 458,176.34 |
| Sales 3/1/2019 - 3/31/2019 | | 309.9800 | $ 329,550.58 |
| Sales 4/1/2019 - 4/30/2019 | | 434.0000 | $ 460,611.00 |
| Sales 5/1/2019 - 5/31/2019 | | 323.0000 | $ 301,787.00 |
| Sales 6/1/2019 - 6/30/2019 | | 970.7900 | $ 1,019,943.67 |
| Sales 7/1/2019 - 7/31/2019 | | 670.0000 | $ 677,288.00 |
| Sales 8/1/2019 - 8/31/2019 | | 401.1387 | $ 424,340.24 |
| Sales 9/1/2019 - 9/30/2019 | | 473.7792 | $ 489,281.00 |
| Sales 10/1/2019 - 10/31/2019 | | 287.2057 | $ 296,425.64 |
| Sales 11/1/2019 - 11/30/2019 | | 221.1195 | $ 240,733.05 |
| Sales 12/1/2019 - 12/31/2019 | | 324.0154 | $ 339,834.74 |
| | Total: | 5970.1183 | |
| Andean Payments: | | | |
| Andean payment 9/28/2018 | | | $ (480,000.00) |
| Andean payment 7/26/2019 | | | $ (1,000,000.00) |
| Andean payment 8/2/2019 | | | $ (500,000.00) |
| Andean payment 8/12/2019 | | | $ (500,000.00) |
| Andean payment 11/15/2019 | | | $ (500,000.00) |
| | | | |
| Total Due to BC: | | | $ 3,255,623.69 |

7.      Thus, Andean currently owes Barry Callebaut $3,255,623.69 for payments that are due under the Contract.

**COUNT ONE**
**BREACH OF CONTRACT**

8.      Barry Callebaut restates and incorporates by reference those allegations set forth in Paragraphs 1 through 7 above, as if set forth fully herein.

9.      Under the Contract, within a certain amount of time after Andean sells Barry Callebaut's sugar to Andean's customers, Andean must make certain payments to Barry Callebaut. Andean has not paid $3,255,623.69 due to Barry Callebaut under the Contract.  Andean's refusal to pay Barry Callebaut these monies is a breach of the whole Contract.

10.      Barry Callebaut is entitled to damages and pre-judgment interest in an amount to be proven due to Andean's failure to pay Barry Callebaut within the time provided for in the Contract.

### PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff prays for:

a.      An award of damages including but not limited to pre-judgment interest; and

b.      Such other and further relief as the Court deems just and equitable.

DATED:  February 28, 2020                          Respectfully submitted,


By:  *Alex S. Drummond*
       Alex S. Drummond
       Florida Bar No.: 38307
       SEYFARTH SHAW LLP
       1075 Peachtree Street, N.E., Suite 2500
       Atlanta, Georgia 30309-3962
       Telephone:  (404) 885-1500
       Facsimile:   (404) 892-7056

       *Attorney for Defendant and Counter-*
       *Plaintiff Barry Callebaut U.S.A. LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 20-20765-CIV-WILLIAMS**

ANDEAN LIFE, LLC,

        Plaintiff and Counter-
        Defendant,

    v.

BARRY CALLEBAUT U.S.A. LLC,

        Defendant and Counter-
        Plaintiff.

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 28, 2020, I electronically filed a copy of the foregoing **ANSWER AND COUNTERCLAIM OF DEFENDANT BARRY CALLEBAUT U.S.A. LLC** by using the CM/ECF system, which will send a notice of the electronic filing to those persons registered to receive it in this case.

*/s/ Alex S. Drummond__*
Alex S. Drummond
