IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 20-20765-CIV-WILLIAMS**

ANDEAN LIFE, LLC,

    Plaintiff,

v.

BARRY CALLEBAUT U.S.A. LLC,

    Defendant.
_____/

**<u>PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES</u>**

Plaintiff, ANDEAN LIFE, LLC ("<u>Plaintiff</u>"), by and through the undersigned counsel and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, moves to strike each of the Affirmative Defenses asserted by Defendant, BARRY CALLEBAUT U.S.A. LLC ("<u>Defendant</u>"), in its Answer [D.E. 5], and as grounds, states:

**<u>Introduction</u>**

Defendant filed its Affirmative Defenses to Plaintiff's Complaint, asserting nine (9) boilerplate affirmative defenses consisting mostly of mere denials and bare-bones legal conclusions. Under the general pleading requirements of Rule 8(a) and the heightened pleading requirements set forth in *Twombly* and *Iqbal*, the challenged affirmative defenses are insufficiently pled and should be stricken as a matter of law. Striking each defense pursuant to Rule 12(f) of the Federal Rules of Civil Procedure will save the parties and the Court the needless expenditure of time and resources litigating over issues that, as a matter of law, should not be set forth in Defendant's pleadings.

Page 1 of 7

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

## Memorandum of Law

### I. Legal Standard

Affirmative defenses are subject to the general pleading requirements of Rule 8, which requires a defendant to provide a "short and plain statement" of the defense. Fed. R. Civ. P. 8(b)(1)(A). "Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and grounds upon which it rests." *FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302, *2 (S.D. Fla. August 13, 2009) (Cohn, J.) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[t]hreadbare recitals . . . supported by mere conclusory statements, will not suffice").

The "purpose of pleading sufficient facts in an affirmative defense 'is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case' . . . Thus, in addition to increasing litigation costs, '[b]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery.' " *Castillo v. Roche Laboratories, Inc.*, 2010 WL 3027726, *3 (S.D. Fla. August 2, 2010) (Seitz, J.) (internal citations omitted). Furthermore, "weeding out legally insufficient defenses at an early stage of a complicated lawsuit may be extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302 at *2 (citing *First Specialty Ins. Corp. v. GRS Mgmt. Assocs.*, 2009 WL 2169869 (S.D. Fla. July 20, 2009).

Affirmative defenses that fail to satisfy the heightened pleading requirements of Rule 8 as set forth in *Twombly* and *Iqbal* are legally insufficient and should be stricken pursuant to Fed. R.

FORS | ATTORNEYS AT LAW
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

Civ. P. 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Castillo*, 2010 WL 3027726 at *3; *Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302 at *2 (both finding that heightened pleading standard set forth in *Twombly* and *Iqbal* is applicable to affirmative defenses). Even if the Court does not agree that the *Twombly* and *Iqbal* standard is applicable[1], the Court "must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D 678, 682 (S.D. Fla. 2015).

Thus, the pleading requirements for complaints and affirmative defenses under Rule 8 are essentially the same, and a defendant must allege facts sufficient to put plaintiff on notice of the affirmative defense. *Cano v. S. Fla. Donuts, Inc.*, Case No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan.21, 2010) (defendant must allege plausible facts supporting each affirmative defense). Framed by these rules, "courts do not tolerate shotgun pleading of affirmative defenses and strike vague and ambiguous defenses that do not address any particular count, allegation, or legal basis of a complaint." *Cano*, 2010 WL 326052, at *1 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir.1996) (finding brief, fact-free affirmative defenses "shotgun pleadings") (abrogated on other grounds by *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011)).

**II.   Argument**

First Affirmative Defense

Defendant alleges Plaintiff's claims are barred by the doctrine of unclean hands, but fails to allege facts sufficient to put Plaintiff on notice as to the conduct it allegedly engaged in that would effectively bar its claims. This vague and ambiguous defense must be stricken.

Page 3 of 7

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

<u>Second Affirmative Defense</u>

Defendant alleges Plaintiff's claims are barred by the doctrine of laches, which requires Defendant to establish (1) conduct on the part of Defendant giving rise to the situation Plaintiff complains of; (2) that Plaintiff knew of Defendant's conduct and did not assert its rights by filing suit; (3) lack of knowledge on the Defendant's part that Plaintiff would assert the rights on which it bases this suit; and (4) injury or prejudice to Defendant in the event Plaintiff prevails on its claims or the suit not otherwise barred.  *Lennar Homes, Inc. v. Dorta-Duque*, 972 So. 2d 872, 879 (Fla. 3d DCA 2007).  Defendant wholly fails to allege any of the foregoing elements, and does not otherwise set forth any facts in support of the defense.  Therefore, it must be stricken.

<u>Third Affirmative Defense</u>

Defendant alleges that Plaintiff is estopped from bringing its claims.  To establish the equitable estoppel defense, Defendant must allege:

> (1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.

*Flagship Resort Development Corp. v. Interval Intern., Inc.*, 28 So. 3d 915, 923 (Fla. 3d DCA 2010).  Defendant fails to allege any of the foregoing elements of the estoppel defense, and omits any facts to establish any representation(s) made by Plaintiff in support thereof.  Therefore, the defense must be stricken.

<u>Fourth Affirmative Defense</u>

Defendant alleges Plaintiff failed to mitigate its damages.  This bare-bones conclusory statement should be stricken for failing to specify the acts, if any, Plaintiff failed to take to mitigate its damages as required by law.  *See Merrill Lynch Business Fin. Servs., Inc. v. Performance*

*Machine Systems, U.S.A.*, No. 04-60861, 2005 WL 97573 *12 (S.D. Fla. March 4, 2005) (striking the affirmative defense of failing to mitigate damages as a bare-bone conclusory allegation); *see also Ivanhoe Fin., Inc. v. Highland Banc Corp.*, No. 03-C-7336, 2004 WL 2091997, *3–*4 (N.D. Ill. Sept. 15, 2004) (striking defense where defendants failed to state what measures plaintiff allegedly failed to take to mitigate damages).

### Fifth Affirmative Defense

Defendant alleges Plaintiff is barred from recovery by its breach of the contract. However, Defendant does not allege any facts in support of the defense to put Plaintiff on notice as to the particular breach Defendant vaguely alludes to, which is insufficient for purposes of meeting the requisite pleading standard. Therefore, the defense must be stricken.

### Sixth Affirmative Defense

Defendant alleges "Plaintiff has waived any right to payment in connection with its claims." To establish a waiver defense, Defendant must allege actions or conduct attributed to Plaintiff warranting an inference that it either expressly or impliedly relinquished a known right. *Torres v. K-Site 500 Associates*, 632 So. 2d 110, 112 (Fla. 3d DCA 1994). Defendant fails to allege any actions or conduct that would give rise to a waiver. Therefore, this defense must be stricken.

### Seventh Affirmative Defense

Defendant alleges Plaintiff is "estopped from claiming any right to payment in connection with its claims in the Complaint." This repetitive defense should be stricken for the same reasons the Third Affirmative Defense is legally and factually insufficient.

Page 5 of 7

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

Eighth Affirmative Defense

Defendant alleges that Plaintiff "fails to state claims upon which relief can be granted as a matter of fact and law." "[A]n affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all." *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291–92 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not property asserted as an affirmative defense."). The Eighth Affirmative Defense merely points out a defect in Plaintiff's claim and will not avoid liability in the event Plaintiff establishes its claims. Therefore, the defense must be stricken.

Ninth Affirmative Defense

Defendant alleges Plaintiff is "not entitled to an award of attorneys' fees under any of its theories of recovery." First, Plaintiff does not demand an award of attorney's fees in either of its claims. Second, assuming *arguendo* Plaintiff was entitled to attorney's fees if it prevails in this litigation, the Ninth Affirmative Defense operates as a mere denial and/or defect in Plaintiff's claims and does not operate as an affirmative defense. Therefore, the defense must be stricken.

**CERTIFICATE OF LOCAL RULE 7.1(a)(3)(B)**
**GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve issues raised in the instant motion, but has been unable to do so due to the unavailability of counsel for Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>March 20, 2020</u>, a copy of the foregoing document was filed with the Clerk, using CM/ECF, who will forward copies to all counsel of record on the attached Service List.

**FORS | ATTORNEYS AT LAW**
1108 Ponce de Leon Blvd.
Coral Gables, FL  33134
Tel. (305) 448-5977
Fax. (305) 446-1898

*/s/ Jorge L. Fors*
JORGE L. FORS, ESQ.
Florida Bar No. 347647
*info@forslegal.com*
*jfors@forslegal.com*

*Counsel for Plaintiff*

Page 7 of 7

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898