# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20765-Civ-WILLIAMS/TORRES

ANDEAN LIFE, LLC,

    Plaintiff/Counter-Defendant,

v.

BARRY CALLEBAUT U.S.A. LLC,

    Defendant/Counter-Plaintiff.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Andean Life, LLC's ("Plaintiff") motion to strike Barry Callebaut U.S.A. LLC's ("Defendant") affirmative defenses. [D.E. 12]. Defendant responded to Plaintiff's motion on April 2, 2020 [D.E. 14] to which Plaintiff has not yet had the opportunity to reply. After careful consideration of the motion, response, and relevant authority, and for the reasons discussed below, Plaintiff's motion to strike is **GRANTED**.[1]

---

[1] On March 30, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to strike to the undersigned Magistrate Judge for disposition. [D.E. 13].

## I. APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally

disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without

3

prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684.

## *II. ANALYSIS*

Plaintiff's motion seeks to strike seven affirmative defenses.[2] Plaintiff argues that these affirmative defenses must be stricken because they are each only one sentence long, conclusory, and fail to allege a plausible defense as required under *Twombly*. Plaintiff also suggests that some of the affirmative defenses are improper denials and fail to present any "new allegations of excuse, justification or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citing *Florida East Coast Railway Co. v. Peters,* 73 So. 151 (Fla. 1916)). Plaintiff therefore concludes that, in reviewing these defenses, one can only guess as to how they apply to the facts of this case. For these reasons, Plaintiff concludes that each affirmative defense must be stricken.

Before we consider the merits of the motion to strike, Plaintiff argues that *Twombly* applies to affirmative defenses. We acknowledge that there is a split of authority in the Eleventh Circuit on the question presented. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). In fact, no United States Court of Appeals has decided the question on whether the plausibility standard enunciated in *Twombly* and *Iqbal*

---

[2] Defendant agreed to withdraw its second and ninth affirmative defense. Thus, there are only seven affirmative defenses that remain in dispute.

applies to affirmative defenses "and the district courts that have considered it do not agree on an answer." *Owen v. Am. Shipyard Co., LLC*, 2016 WL 1465348, at *1 (D.R.I. Apr. 14, 2016) (citing Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses,* 112 Mich. L. Rev. 275, 276 (2013) ("More than one hundred federal cases have contemplated whether the plausibility standard outlined in [Twombly and Iqbal] applies to affirmative defenses, yet the districts remain divided, and no court of appeals has yet addressed the issue."); Justin Rand, *Tightening Twiqbal: Why Plausibility Must Be Confined to the Complaint*, 9 Fed. Cts. L. Rev. 79 (2016)).

On one hand, many courts have held that affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). *See also Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2 ("Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.") (citing *Merrill Lynch Bus. Fin. Serv.,* 2005 WL 975773, at *11) (citing *Microsoft Corp.,* 211 F.R.D. at 684); *see also Torres v. TPUSA, Inc.,* 2009 WL 764466 (M.D. Fla. Mar. 19, 2009) (affirmative defense stating that plaintiff fails to state a claim upon which relief can be granted provides no basis on which the court can determine a plausible basis for this defense); *see also Holtzman v. B/E Aerospace, Inc.,* 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more

5

than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *see also Home Mgmt. Solutions, Inc.* 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (brackets omitted) (quoting *Twombly,* 550 U.S. at 556 n.3).

On the other hand, some courts have held that the heightened pleading standard described in *Twombly* and *Iqbal* only applies to the allegations in complaints – not affirmative defenses. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.,* 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Blanc v. Safetouch, Inc.,* 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). The basis for these decisions stem from the differences between Rule 8(a) – which apply to the pleading of claims – and Rules 8(b) and (c) which apply to affirmative defenses.

In debating whether *Twombly* and *Iqbal* apply to affirmative defenses, many parties rely on the language in Rules 8(a) and 8(b). Rule 8(a) requires "a short and plain statement of the claim *showing* that the pleader is entitled to relief," whereas Rule 8(b) requires that a party "*state* in short and plain terms its defenses to each

6

claim asserted against it." Fed. R. Civ. P. 8(a) and (b) (emphasis added). Some parties have speculated that Rule 8(a) requires a party to "show" an entitlement to relief whereas Rule 8(b) merely requires a party to "state" an affirmative defense. *See Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162 (M.D. Fla. May 6, 2014) ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *see also Laferte*, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant."); *Owen,* 2016 WL 1465348, at *2 ("Applying different pleading standards recognizes the differences between these words; 'showing' requires some factual underpinnings to plead a plausible claim, while 'stating' contemplates that defendants can plead their defenses in a more cursory fashion."); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted).

The Court is persuaded – by three considerations – that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*. First, *Iqbal's* extension of

7

the *Twombly* pleading standard was premised on *Twombly's* holding that the purpose of Rule 8 – in general – was to give parties notice of the basis for the claims being sought. Importantly, the Supreme Court discussed Rule 8 at large and never limited its holding solely to complaints. Plaintiff's reliance on a subtle difference in wording (i.e. "show" and "state") between Rule 8(a) and 8(b) is unpersuasive because the purpose of pleading sufficient facts is to give fair notice to the opposing party that there is a plausible and factual basis for the assertion and not to suggest that it might simply apply to the case. This was the foundation for the decisions in *Twombly* and *Iqbal* and it applies equally to complaints and affirmative defenses.

Second "it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant [or counter-defendant] under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010) (quoting *Palmer v. Oakland Farms, Inc.,* 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010)). And third, "when defendants are permitted to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Castillo,* 2010 WL 3027726, at *3 (citation and internal quotation marks omitted).

When coupling the three considerations discussed above with the fact that a majority of courts have agreed with this position, we hold that there is no separate

8

standard for complaints and affirmative defenses in connection with Rule 8. *See, e.g.*, *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171–72 (N.D. Cal. 2010) ("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses.") (citing *CTF Dev., *1172 Inc. v. Penta Hospitality, LLC,* 2009 WL 3517617, at *7–8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses)).

Having established that *Twombly* applies to affirmative defenses, Plaintiff's motion is well taken because each affirmative defense is vague, conclusory, or otherwise fails to describe how it applies to the facts of this case. The lack of factual support runs rampant, as there is no defense more than one sentence long. Another noticeable shortfall is the fact some many of these defenses are not presented as affirmative defenses. By definition, "an affirmative defense is something that, if proven, will reduce or eliminate a plaintiff's recovery even if the plaintiff established a prima facie case." *F.D.I.C. v. Stovall*, 2014 WL 8251465, at *2 (N.D. Ga. Oct. 2, 2014). "For example, responding that plaintiff's complaint fails to state a claim upon which relief may be granted—the standard for dismissal under Rule 12(b)(6)—or that defendants did not owe plaintiff a duty does not raise an

affirmative defense." *Id.* (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.")). While the Court will not articulate how each defense is defective – to avoid being repetitive – a few examples are instructive.

The first, second, third, and fourth affirmative defenses are defective because they merely state that Plaintiff's claims are barred under the doctrine of unclean hands, laches, equitable estoppel, and the failure to mitigate damages. These defenses fall woefully short because they literally give Plaintiff no notice as to how they apply to the facts of this case. Instead, they are merely conclusory statements that violate even the most basic principles of Rule 8(c) that requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Rather than setting forth any specific facts, Defendant merely provided a label, stated that Plaintiff's claims are barred, and then set forth each defense in a single conclusory sentence. Because Defendant has abdicated its responsibility for alleging basic facts demonstrating an entitlement to relief, each of these affirmative defenses must be stricken.

The eighth affirmative defense is equally unavailing because it states that Plaintiff failed to state a claim upon which relief can be granted. This defense is defective, at the outset, because it fails to even explain *how* Plaintiff's complaint fails to state a claim or how it applies to the facts of this case. *See Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014) (striking affirmative defense that "state legal doctrines or terms, but neither state how or

why such defenses might apply to Plaintiff's claims, nor state facts in support of their application."). It also fails because "it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and "is a bare-bones conclusory allegation that fails to notify Plaintiff of the deficiencies in the complaint." *Valdez v. Smith & Deshields, Inc.*, 2008 WL 4861547, at *2 (S.D. Fla. Nov. 10, 2008) (citing *Renalds v. S.R.G. Restaurant Group*, 119 F. Supp 2d 800, 803-04 (N.D. Ill. 2000) (finding that a simple recitation of the standard for dismissal under Rule 12(b)(6) is an abdication of a party's responsibility for alleging facts demonstrating an entitlement to relief); *Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., Inc.*, 2005 WL 975773, at *11 (S.D. Fla. Mar. 4, 2005) (same)). Accordingly, the eighth affirmative defense cannot stand.

The same is true for every other affirmative defense because – other than being hopelessly vague and conclusory – they each fail to negate the allegations included in Plaintiff's complaint. The Court could, of course, go one-by-one through and give detailed reasons as to why each of them is inadequate. But, there is no reason to do so when it is obvious that every defense fails for multiple reasons. As the affirmative defenses stand now, they are either vague, conclusory, constitute mere denials, or otherwise fail to give sufficient factual support to meet the pleading requirements under *Twombly*. We therefore need go no further in the disposition of Plaintiff's motion to strike as each affirmative defense needs to be revisited so that each complies with the reasons already stated. Accordingly, Plaintiff's motion to strike is **GRANTED**.

11

### *III.    CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike [D.E. 12] is **GRANTED**.  Any amended answer shall be filed within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of April, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge