IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20765-CIV-WILLIAMS

ANDEAN LIFE, LLC,

    Plaintiff,

v.

BARRY CALLEBAUT U.S.A. LLC,

    Defendant.
_____/

**PLAINTIFF/COUNTER-DEFENDANT, ANDEAN LIFE, LLC'S**
**MOTION TO STRIKE DECLARATION OF RYAN F. SWINDALL [D.E. 60-1]**

Plaintiff, ANDEAN LIFE, LLC ("ANDEAN"), by and through the undersigned counsel and pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, respectfully moves the Court for the entry of an order striking the Declaration of Ryan F. Swindall, Esq. ("Mr. Swindall") [D.E. 60-1] filed by Defendant/Counter-Plaintiff, BARRY CALLEBAUT U.S.A. LLC ("BC"), in support of BC's Motion for Summary Judgment [D.E. 59] and Statement of Material Facts [D.E. 60], and as grounds, states:

**Introduction**

The Court should strike the Declaration of Mr. Swindall [D.E. 60-1] because it is not based on his personal knowledge, he is not competent to testify on the matters stated therein, and he improperly proffers expert opinion as to the amount of BC's alleged damages. Mr. Swindall's calculations and the spreadsheets he "created," which are attached to the Declaration as Exhibits 45 [D.E. 60-46] and 47 [D.E. 60-48], rely entirely upon spreadsheets created by ANDEAN in the course of its business, and inject Mr. Swindall's argumentative conclusions as to disputed facts in this litigation.

Although Mr. Swindall has not been admitted to appear *pro hoc vice* on behalf of BC in this matter, he is, for all intents and purposes, counsel for BC. Mr. Swindall has appeared before the Court at most, if not all hearings, is on the Court's service list, and appeared on behalf of BC during at least one (1) deposition. BC attempts to portray Mr. Swindall as an unbiased and objective fact witness, but his role as an advocate for BC's interests cannot be ignored.

### Legal Standard for Declarations in Support of Summary Judgment

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, *and* show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Declarations based on anything less than the declarant's own personal knowledge are insufficient as a matter of law. *South Broward Hospital District v. Coventry Health and Life Insurance Co.*, 2015 WL 12532580, at *3 (S.D. Fla. June 10, 2015). "For a matter to be considered within a witness's personal knowledge, it must be 'derived from the exercise of his own senses, not from the reports of others—in other words, it must be founded on personal observation.' " *Riley v. Univ. of Ala. Health Servs. Found., P.C.*, 990 F. Supp. 2d 1177, 1187 (N.D. Ala. 2014) (quoting *United States v. Evans*, 484 F.2d 1178, 1181 (2d Cir. 1973)).

Competence to testify on the matters stated in an affidavit or declaration should be reasonably inferred from the affiant or declarant's position, knowledge, experience, and the nature of his or her participation in the matters at hand. *See Duke v. Nationstar Mortg., L.L.C.*, 893 F. Supp. 2d 1238, 1245 (N.D. Ala. 2012); *see also Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("competence to testify . . . may be inferred from the affidavits themselves.").

Page 2 of 5

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

## Argument

The Court should strike the Declaration of Mr. Swindall because it does not satisfy Rule 56(c)(4)'s knowledge and competency requirements. There is nothing on the record demonstrating that Mr. Swindall has the requisite knowledge or experience to perform an accounting of damages claimed by either party in this controversy involving organic sugar. Although Mr. Swindall may have general knowledge of the facts of this case through his role as counsel for BC, he does not possess the professional qualifications to perform a forensic accounting, was not disclosed as an expert witness as to damages, and has otherwise never been disclosed as a witness in this matter.

The spreadsheets Mr. Swindall "created," which are found at D.E. 60-46 and D.E. 60-48 (Exhibits 45 and 47 to the Declaration), were prepared by combining three (3) spreadsheets prepared by ANDEAN without any participation or observation by Mr. Swindall. The information contained in ANDEAN's spreadsheets [D.E. 60-22; 60-43; and 60-45] were prepared by ANDEAN's Director of Finance and Accounting, Tony Troisi, using information and figures about which Mr. Swindall cannot testify to competently. Mr. Swindall does not have a finance or accounting background, has never been involved in the organic sugar market, and never had any direct dealings with any warehouse, customer, or other entity contained in ANDEAN's spreadsheets.

The improper argumentative conclusions and calculations contained in Mr. Swindall's Declaration jump off the page. Mr. Swindall's calculations conveniently disregard the costs incurred by ANDEAN as a direct result of BC's inability to import the organic sugar because BC lacked the requisite licenses to do so. Had Mr. Swindall accounted for any of the importing and storage costs borne by ANDEAN, his calculations would be much different. Mr. Swindall also improperly opines on the dates when ANDEAN allegedly breached the Organic Sugar Purchase

Page 3 of 5

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

Contract based on his interpretation of ANDEAN's spreadsheets and the language of the Contract. *See e.g.*, D.E. 60-1, at p. 3, n. 3 (setting forth BC's interpretation of the "Payment Terms" provision of the Contract).

Even if the Court finds that Mr. Swindall's Declaration satisfies Rule 56(c)(4)'s knowledge and competency requirements, the Court must still strike the Declaration because BC relies on Mr. Swindall's damages calculations in support of its Motion for Summary Judgment. *See* D.E. 59, at p. 6; D.E. 60, at ¶ 42 ("[ANDEAN] remains in arrears on remittance payments in the amount of $3,517,501.01."). Again, Mr. Swindall was never disclosed in this case as an expert witness or a fact witness, and the methodologies he used to arrive at his calculations inject counsel's opinions and interpretations of disputed issues; namely, costs, contract language, and ANDEAN's alleged breaches.

Courts should be wary of counsel for a party filing his own declaration in support of a summary judgment motion. The Fifth Circuit commented on this "inherently unsound practice" where counsel for the defendant in a patent infringement suit filed an extensive affidavit supporting a motion for summary judgment, and stated:

> We consider it a tribute to the high calling of advocacy to say that we think it an unnatural, if not virtually impossible, task for counsel, in his own case, to drop his garments of advocacy and take on the somber garb of an objective fact-stater. Certainly we would not reverse a Judge for entering summary judgment merely because some of the papers included argumentative conclusions. But if the 'facts' are really facts, they should be put forward as such without interstitial argumentation.
>
> And if it takes an oath to establish or affirm that which is a fact so that it can be further established as an 'uncontradicted' fact, we doubt that it is conducive to the orderly administration of justice for counsel to become the voice on summary judgment. The reason behind the accepted canon on counsel testifying is or may be present, at least tentatively since the Court is put in the position of passing upon the credibility of the contending votaries. *Experience proves that the adversary system functions best when the role of Judge, of counsel, of witness is sharply separated.*

FORS | ATTORNEYS AT LAW
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

*Inglett & Co. v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958) (emphasis added). In the interests of justice, the Court should heed the Fifth Circuit's concerns and strike the Declaration in its entirety, or, in the alternative, only accept the Declaration for the purpose of authenticating the Exhibits attached thereto, with the exception of Exhibits 45 and 47 because he lacks the knowledge and competence to testify regarding the subject matter of those spreadsheets.

WHEREFORE, Plaintiff/Counter-Defendant, ANDEAN LIFE, LLC, respectfully requests that this Court enter an Order striking the Declaration of Ryan F. Swindall, Esq., for failing to comply with the requirements of Rule 56(c)(4) of the Federal Rules of Civil Procedure, and for such other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on <u>January 29, 2021</u>, a copy of the foregoing document was filed with the Clerk, using CM/ECF, who will forward copies to all counsel of record on the attached Service List.

**FORS | ATTORNEYS AT LAW**
1108 Ponce de Leon Blvd.
Coral Gables, FL  33134
Tel. (305) 448-5977
Fax. (305) 446-1898

*/s/ **Jorge L. Fors***
JORGE L. FORS, ESQ.
Florida Bar No. 347647
*info@forslegal.com*
*jfors@forslegal.com*

*Counsel for Plaintiff*

Page 5 of 5

**FORS | ATTORNEYS AT LAW**
**1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898**