IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 20-20765-CIV-WILLIAMS**

ANDEAN LIFE, LLC,

    Plaintiff,

v.

BARRY CALLEBAUT U.S.A. LLC,

    Defendant.
_____/

**ANDEAN LIFE, LLC'S REPLY TO BARRY CALLEBAUT U.S.A. LLC'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE DECLARATION OF RYAN F. SWINDALL**

Plaintiff/Counter-Defendant, ANDEAN LIFE, LLC ("ANDEAN"), by and through the undersigned counsel, hereby files its Reply to Defendant/Counter-Plaintiff, BARRY CALLEBAUT U.S.A. LLC's ("BC") Response in Opposition to ANDEAN's Motion to Strike Declaration of Ryan F. Swindall, Esq. ("Mr. Swindall") [D.E. 75], and states:

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party that fails to disclose information or the identity of a witness cannot use the omitted "information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). As referenced in ANDEAN's Motion to Strike [D.E. 67], BC has never disclosed its counsel, Mr. Swindall, as a fact witness, summary witness, or expert witness in this matter. Despite its failure to disclose Mr. Swindall, BC filed his Declaration [D.E. 60-1] in support of its Motion for Summary Judgment [D.E. 59], and relies on Mr. Swindall's argumentative conclusions as to disputed facts in this litigation to quantify BC's alleged damages. *See* D.E. 59, at p. 6; D.E. 60, at ¶ 42 ("[ANDEAN] remains in arrears on remittance payments in the amount of $3,517,501.01.").

Page 1 of 3

BC's failure to disclose Mr. Swindall as a witness deprived ANDEAN of its right to depose Mr. Swindall prior to the discovery deadline regarding the "basic arithmetic" and "simple Excel formulas" he used to arrive at his incomplete and erroneous damages calculations, including the information contained within each spreadsheet he relied upon to prepare D.E. 60-46 and 60-48. Although BC claims that Mr. Swindall did not add anything to ANDEAN's spreadsheets, his calculations conveniently disregard the costs incurred by ANDEAN as a direct result of BC's inability to import the organic sugar. Furthermore, Mr. Swindall improperly opines as to the dates when ANDEAN allegedly breached the subject contract based on his interpretation of ANDEAN's spreadsheets and the payment terms of the contract, which are heavily disputed.

The entire focus of BC's Response is that it did not have to disclose Mr. Swindall as an expert witness because the spreadsheets he created did not require any scientific, technical, or other specialized knowledge. However, BC fails to acknowledge that each case cited in its Response involves either expert or fact witnesses disclosed by the respective parties who had a connection to the underlying suit well beyond an attorney-client relationship. Whether this Court finds that Mr. Swindall is a fact, summary, or expert witness, BC was required to disclose Mr. Swindall pursuant to Rule 26 of the Federal Rules of Civil Procedure. Specifically, if BC intended to use Mr. Swindall and the underlying data he "gained personal familiarity" with, then it should have disclosed Mr. Swindall as a witness it would use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A)(i). However, BC failed to do so, even though it was required to supplement its initial disclosures pursuant to Rule 26(E).

Mr. Swindall's Declaration is improper and must be disregarded by this Court because it contains counsel's interstitial argumentation, legal opinions, and interpretations of disputed issues. If BC's damages are, in fact, uncontroverted, then relying upon counsel's voice on summary

Page 2 of 3

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898

judgment is not conducive to the orderly administration of justice in this matter. "The adversary system functions best when the role of Judge, of counsel, of witness is sharply separated." *Inglett & Co. v. Everglades Fertilizer Co.*, 255 F.2d 342, 349 (5th Cir. 1958).

WHEREFORE, Plaintiff/Counter-Defendant, ANDEAN LIFE, LLC, respectfully requests that this Court enter an Order striking the Declaration of Ryan F. Swindall, Esq., for failing to comply with the requirements of Rules 26 and 56(c)(4) of the Federal Rules of Civil Procedure, and for such other relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2021, a copy of the foregoing document was filed with the Clerk, using CM/ECF, who will forward copies to all counsel of record on the attached Service List.

**FORS | ATTORNEYS AT LAW**
1108 Ponce de Leon Blvd.
Coral Gables, FL  33134
Tel. (305) 448-5977
Fax. (305) 446-1898

*/s/ Jorge L. Fors*
JORGE L. FORS, ESQ.
Florida Bar No. 347647
*info@forslegal.com*
*jfors@forslegal.com*

*Counsel for Plaintiff*

Page 3 of 3

**FORS | ATTORNEYS AT LAW**
1108 PONCE DE LEON BLVD., CORAL GABLES, FL 33134 ▪ PHONE: (305) 448-5977 ▪ FAX: (305) 446-1898